**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM McCORMACK,

Petitioner-Appellant,

v.

JUSTIN JONES, DIRECTOR,
OKLAHOMA DEPARTMENT OF
CORRECTIONS,[*]

Respondent-Appellee.

No. 07-7028
(D.C. No. 03-CV-515-JHP-KEW)
(E.D. Okla.)

**ORDER DENYING A CERTIFICATE**
**OF APPEALABILITY**

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

William McCormack, an Oklahoma state prisoner proceeding pro se, seeks

a certificate of appealability ("COA") to appeal the district court's denial of his

28 U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by

the district court, we **DENY** a COA and **DISMISS**.[1]

---

[*] Ron Ward is no longer Director of the Oklahoma Department of
Corrections. We have substituted Justin Jones, the current Director, pursuant to
Federal Rule of Appellate Procedure 43(c)(2).

[1] Because the district court denied McCormack a COA, he may not appeal
the district court's decision absent a grant of COA by this court. 28 U.S.C.
§ 2253(c)(1)(A). A COA may be issued "only if the applicant has made a

(continued...)

**I**

McCormack challenges his May 15, 2000, jury conviction on multiple

counts related to his possession of methamphetamine, illegal possession of a

firearm, and attempt to evade police pursuit.[2] He was sentenced by the jury to

concurrent terms of imprisonment, the longest of which was one hundred years.

McCormack sought relief on direct and collateral appeal from the Oklahoma

Court of Criminal Appeals ("OCCA") before bringing this timely petition in

federal court.

**II**

Construing his request for a COA liberally, McCormack advances the

following claims: (1) The district court did not review the magistrate judge's

report de novo in light of his objections to it; (2) He received ineffective

assistance of trial counsel; (3) He received ineffective assistance of appellate

counsel; (4) The evidence presented at trial was insufficient to support his

---

[1](...continued)
substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires McCormack to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000)whhat' (quotations omitted).

[2] McCormack was convicted on six counts: (1) attempting to elude a police officer; (2) possession of a controlled substance; (3) carrying a firearm after a former felony conviction; (4) reckless driving; (5) possession of drug paraphernalia; and (6) driving while his license was suspended.

convictions; and (5) Evidence presented at trial was procured by unlawful means.

## A

McCormack's first claim is meritless. De novo review of the portions of the magistrate's report to which a party objects is required by 28 § U.S.C. 636(b)(1). "[T]he district court is presumed to know that de novo review is required," and we will not remand the case unless "circumstances indicate" otherwise. Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996). In McCormack's case, the district court stated in its order adopting the recommendations of the magistrate judge that it "review[ed] . . . the Report and Recommendation in light of Petitioner's objections" and "consider[ed] . . . the record, pleadings, and applicable law." This is sufficient to show that the district court conducted de novo review.

## B

McCormack did not raise his second claim on direct appeal. Thus, it was procedurally defaulted under Okla. Stat. tit. 22, § 1086, as the OCCA found on collateral review. "Under AEDPA, we generally may not consider issues on habeas review that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." Hammon v. Ward, 466 F.3d 919, 925 (10th Cir. 2006) (quotation omitted). Nor has McCormack presented evidence sufficient to meet either of these standards. Oklahoma's procedural bar

therefore precludes us from considering this claim.  See Cannon v. Gibson, 259 F.3d 1253, 1265-66 (10th Cir. 2001).

## C

McCormack's third claim, that appellate counsel was constitutionally ineffective, was raised before the OCCA on collateral appeal.  Accordingly, a COA may not issue on this claim unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Although McCormack has not renewed each basis for this claim with specificity in his application for a COA, we presume that he appeals the district court's denial as to all the alleged failures and omissions of appellate counsel on direct appeal.  Those shortcomings consist of counsel's alleged failure to:  (1) challenge the trial court's jurisdiction to sentence McCormack as a habitual offender; (2) bring a Fourth Amendment challenge to the trial court's admission of certain evidence; (3) challenge the trial court's combination of provisions from Okla. Stat. tit. 63, § 2-402 and Okla. Stat. tit. 21, § 51(B) in its sentencing instructions to the jury; and (4) challenge the number and validity of the prior convictions used to enhance McCormack's sentence.  McCormack also challenges

his appellate counsel's failure to allege ineffective assistance of trial counsel as to each of these matters. We therefore examine the effectiveness of counsel at both the trial and appellate stages.

Under the two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), McCormack must prove that "counsel's representation fell below an objective standard of reasonableness" and that "any deficiencies in counsel's performance [were] prejudicial to the defense." Id. at 688, 692. We examine such claims with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In applying the Strickland standard to appellate counsel, "we look to the merits of the omitted issue" in the context of counsel's overall defense strategy. Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001). Further deference is credited to the OCCA under AEDPA, in that we grant relief only if the OCCA unreasonably applied the Strickland standard. See 28 U.S.C. § 2254(d)(1).

After careful review of the record, we substantially adopt the reasoning of the district court regarding McCormack's claims of ineffective assistance. Because all but one of McCormack's underlying legal arguments are without merit, and the other did not cause him prejudice, neither his trial nor appellate counsel could have been ineffective in failing to raise them, and the OCCA's application of Strickland (although not terribly detailed) was reasonable.

First, we find no merit in McCormack's argument that the trial court lacked

jurisdiction to try him as a habitual offender. In 1989, McCormack was convicted of drug and firearms charges and sentenced to two ten-year concurrent prison terms. Three years of each sentence was suspended, contrary to Oklahoma state law disallowing suspended sentences for repeat offenders. See Davis v. State, 845 P.2d 194, 197 (Okla. Crim. App. 1993); Okla. Stat. tit. 22, § 991a(A)(1), (C). At his 2000 trial, the jury was instructed that these sentences increased his sentencing range pursuant to Oklahoma's then-existing habitual offender statute, Okla. Stat. tit. 21, § 51 (1998 & Supp. 1999) ("former § 51"). McCormack argues that the 1989 sentences were void and should not have been relied upon. However, Oklahoma case law holds that such sentences are not void on their faces, and that challenges to their validity must be made while they are being served. See King v. State, 29 P.3d 1089, 1090-91 (Okla. Crim. App. 2001).[3] Thus, the trial court did not err in instructing the jury to sentence McCormack as a repeat offender in this case, and his counsel were not ineffective for failing to raise this meritless issue.

Second, the district court properly rejected McCormack's Fourth Amendment-based ineffective assistance claim. McCormack argues that his arrest was illegal based on Oklahoma state law regarding vehicular pursuit and therefore

---

[3] State court interpretations of state law are binding upon federal courts conducting habeas review. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Although neither the magistrate judge nor the Oklahoma lower court which heard McCormack's case on collateral appeal cited King on this point, we remain bound by it.

violated the Fourth Amendment prohibition against illegal searches and seizures. As the district court found, McCormack's trial counsel vigorously argued this issue, and his appellate counsel was not ineffective in failing to resurrect it.

Third, McCormack argues that his counsel was ineffective for failing to challenge the jury instruction regarding enhancement of McCormack's sentence for unlawful possession of a controlled dangerous substance. The jury was instructed that the minimum sentence McCormack could receive for this count was twenty years. This was the proper range under former § 51 for a drug felony committed after two nondrug felony convictions. See Novey v. State, 709 P.2d 696, 699 (Okla. Crim. App. 1985). Again, neither his trial nor appellate counsel were ineffective in declining to raise this meritless claim.

We differ from the district court only in our analysis of McCormack's fourth ineffective assistance claim, that his appellate and trial counsel failed to challenge the jury's consideration of certain of his past felonies. McCormack had a felony conviction from 1987 and two more from 1989. The latter two convictions count collectively as one prior offense under former § 51(B) because they arise from the same "transaction or occurrence." Id. Oklahoma case law does not allow a prior felony to count both as the foundation for a charge of carrying a firearm after conviction of a felony and as a prior offense under former § 51(B). See Chapple v. State, 866 P.2d 1213, 1216 (Okla. Crim. App. 1993). In the instructions to McCormack's jury, the trial court used one of his 1989

convictions as the foundational felony and used both his 1987 conviction and his second 1989 conviction as sentence-enhancing prior offenses, arguably violating state law by double-counting the 1989 occurrence. Therefore, contrary to the district court's conclusion, it is not entirely clear that this claim lacks merit.

However, even if this error rose to the level of ineffectiveness, it did not prejudice McCormack. An attorney's error is not cognizable as a Sixth Amendment harm unless the defendant shows "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The proper enhanced sentence range for McCormack's firearms conviction with one prior offense under former § 51, ten years to life, would still allow the sentence McCormack received. Given that the jury imposed a sentence so far above the instructed minimum of twenty years, it is unlikely that a minimum of ten years would have led them to reduce the eighty years imposed.[4] McCormack has not shown that a successful argument regarding his sentence enhancement would have led to a different result.

**D**

We understand McCormack's fourth and fifth claims as renewing his

_____

[4] We also note that McCormack's eighty year sentence for the firearms conviction is set to run concurrently with his one hundred year sentence for possession of a controlled substance. However, we do not have a per se rule barring consideration of whether prejudice may have resulted from an error affecting only the lesser of concurrent sentences. See, e.g., United States v. Brown, 996 F.2d 1049, 1053 (10th Cir. 1993); but cf. United States v. Hollis, 93 F. App'x 201, 203 (10th Cir. 2004).

-8-

argument before the district court that the State violated his due process rights at trial by failing to establish a chain of custody for certain methamphetamine evidence. McCormack alleges that this evidence was improperly admitted at trial because testimony from the arresting officer demonstrated numerous breaks in the chain of custody and indicated that the evidence might have been tampered with or otherwise mishandled. Citing to its decision in Wilson v. State, 983 P.2d 448, 462 (Okla. Crim. App. 1998), the OCCA held on direct appeal that "the State sufficiently demonstrated the chain of custody regarding State's exhibits 2 and 4. The trial judge correctly admitted the evidence and let whatever doubt existed regarding tampering or substitution go to its weight." On collateral review, we give considerable deference to state court evidentiary rulings, and "may not provide habeas corpus relief . . . unless [those rulings] rendered the trial so fundamentally unfair that a denial of constitutional rights results." Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002) (quotation omitted). McCormack presents no evidence that the admission of this evidence rendered his trial fundamentally unfair, and we therefore deny a COA with respect to his chain-of-custody claim.

**III**

For the reasons set forth above, McCormack's request for a COA is

**DENIED** and his petition is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge