**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GORDON TODD SKINNER,

            Petitioner-Appellant,

v.

MIKE ADDISON, Warden,

            Respondent-Appellee.

No. 12-5152
(D.C. No. 4:11-CV-00382-CVE-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **O'BRIEN**, Circuit Judges.

Gordon Todd Skinner, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal from the district court's order denying

his 28 U.S.C. § 2254 petition for habeas relief.  We have jurisdiction under 28 U.S.C.

§§ 1291 and 2253(a), and we deny a COA for substantially the same reasons

identified by the district court in its order denying habeas relief.

**BACKGROUND**

Skinner was convicted of kidnapping, conspiracy to commit kidnapping, and

assault and battery with a dangerous weapon, all after a former felony conviction,

---

[*]      This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"for his violent and sadistic actions against Brandon Green in July of 2003." *Skinner v. State*, 210 P.3d 840, 851 (Okla. Crim. App. 2009). The evidence at trial established that Skinner repeatedly injected various substances "into Green's penis, testicles, buttocks, and other parts of his body, with the apparent dual purpose of permanently disabling and disfiguring Green sexually and of keeping him in a prolonged state of unconsciousness." *Id.* at 843. In addition, Skinner "brutally punched and kicked Green in the genitals, lifted Green's unconscious body up off the bed by grabbing him at the base of his genitals, and wrapped a phone cord about Green's penis, put his foot on Green's stomach, and jerked until he heard the cartilage snap." *Id.* (footnote and quotation omitted).

Skinner was sentenced to life plus ninety years' imprisonment. The Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions and sentences on direct appeal, and it affirmed the trial court's subsequent denial of postconviction relief.

In federal court, Skinner filed a § 2254 habeas petition raising twenty-three grounds of error.[1] The district court denied the petition and declined to issue a COA.

### DISCUSSION

"A COA is a prerequisite to appellate jurisdiction in a habeas action," *Lockett v. Trammel*, 711 F.3d 1218, 1230 (10th Cir. 2013), and is available "only if the

---

[1] In his request for a COA, Skinner devotes argument to only seven grounds. Consequently, the grounds unaccompanied by argument are waived. *See Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990) (holding that failure to argue issue waives the issue).

- 2 -

applicant has made a substantial showing of the denial of a constitutional right,"

28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes

showing that reasonable jurists could debate whether (or, for that matter, agree that)

the [application] should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Slack v.

McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides

that when a claim has been adjudicated on the merits in a state court, a federal court

can grant habeas relief only if the applicant establishes that the state-court decision

was "contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States," or "was

based on an unreasonable determination of the facts in light of the evidence presented

in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). "AEDPA's deferential

treatment of state court decisions must be incorporated into our consideration of a

habeas petitioner's request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938

(10th Cir. 2004).

Skinner first claims that his prosecution violated an immunity agreement he

had with the federal government in an unrelated narcotics and money-laundering

case. The OCCA determined that Skinner's immunity claim, brought under *Kastigar*

*v. United States*, 406 U.S. 441 (1972),[2] was not applicable "to a prosecution for offenses that are alleged to have been committed by the immunized witness entirely *after* the grant of immunity, when the alleged offenses are also *totally unrelated* to the topic(s) of the immunized testimony." *Skinner*, 210 P.3d at 851.

The district court agreed with the OCCA's resolution of the immunity claim, stating, "[c]learly, the grant of federal immunity in the drug and money laundering case did not provide a free pass to [Skinner] to commit future unrelated crimes without fear of prosecution." R. at 4310. We conclude that the district court's determination is not debatable.

Skinner also argues that his appellate counsel was ineffective because he (1) failed "in drafting [the] [appellate] reply brief to articulate the 'subsequent meetings' clause of the immunity contract"; and (2) failed "to competently show the fact that [Skinner] met with DEA agents after the alleged kidnapping and assault, but prior to Tulsa Police investigation and prior to Tulsa District Attorney filing charges." *Id.* at 145. Neither the Oklahoma postconviction court nor the OCCA directly addressed this argument.

The federal district court expressly rejected the argument, reiterating that Skinner had not "connect[ed] the crimes he committed [against Green] to the

---

[2] In *Kastigar*, the Supreme Court held that when a witness is compelled to give incriminating testimony under a grant of statutory immunity and is thereafter prosecuted for any matter related to the compelled testimony, the government bears the "heavy burden of proving that all of the evidence it proposes to use was derived from legitimate independent sources." 406 U.S. at 461-62.

information he provided during the drug and money laundering case or to the 'subsequent meetings,' as relevant to the prior criminal case." *Id.* at 4314. Thus, the district court concluded that Skinner had "not demonstrated that the result of his appeal would have been different had appellate counsel raised this [ground]." *Id.* We agree with the district court's resolution of this argument.

Skinner next claims that his appellate counsel was ineffective because he "was dishonest, deceitful, uncommunicative and unresponsive, and thoroughly incompetent." *Id.* at 130. He notes that the Oklahoma Supreme Court had suspended counsel from the practice of law in 2010 for two years and a day due to multiple instances of misconduct in cases involving other clients.

The OCCA found the suspension "troubling," but observed that Skinner failed to "establish that his appellate counsel committed unprofessional errors that affected the outcome of his appeal." *Id.* at 1721. Specifically, the OCCA concluded that

> [Skinner's] jury convicted him based upon ample, detailed, compelling and consistent testimony given by multiple witnesses. [Skinner's] appellate counsel raised cogent and complicated issues in his direct appeal. Lack of success is not the proper measure for determining the adequacy of legal representation, especially in light of the facts of this case. In this post-conviction proceeding, [Skinner] merely gestures at propositions of error, but does not explain or establish how any of the alleged errors could have changed the outcome of [Skinner's] appeal.

*Id.* (citations omitted).

The district court agreed, stating that "[i]n light of the facts of this case, the Court finds that [Skinner] has failed to satisfy the prejudice prong of" *Strickland v.*

*Washington*, 466 U.S. 668 (1984).[3]  R. at 4314.  Because Skinner has failed to identify any debatable point in regard to the district court's handling of this ground, he is not entitled to a COA.

Skinner further argues that his appellate counsel was ineffective in challenging the enhancement of his sentence with the prior felony conviction from New Jersey. According to Skinner, the prior conviction was outside the ten-year window allowed for enhancement.  *See* 21 Okla. Stat. Ann. § 51.1(A) (providing enhanced punishment for "any crime after [a prior] conviction[ ] within ten (10) years of the date following the completion of the execution of the [prior] sentence").

The OCCA on direct appeal observed that Skinner's New Jersey conviction was for conspiracy to distribute a controlled substance, and that his "sentence was fully discharged on July 17, 1993." *Skinner*, 210 P.3d at 854.  Skinner's crimes against Green occurred between July 4, 2003, and July 11, 2003.  Thus, the OCCA concluded that "[a]lthough the[ ] crimes [against Green] were committed close to the end of the ten-year enhancement window, they were clearly within this window." *Id.*

In postconviction proceedings, Skinner argued that an order for the early termination of his probation in the New Jersey case placed his crimes against Green beyond the ten-year window.  The OCCA declined to allow Skinner to supplement

---

[3]     In *Strickland*, the Supreme Court held that in order to prevail on an ineffective assistance claim, the defendant must show that counsel's performance was deficient and that prejudice resulted.  466 U.S. at 692.  *Strickland* provides "the proper standard for assessing a claim of ineffectiveness of appellate counsel." *McGee v. Higgins*, 568 F.3d 832, 838 (10th Cir. 2009) (brackets and quotation omitted).

the postconviction record with a copy of the order because he had not provided the order to the state district court. And the OCCA commented that the order did not indicate that the execution of Skinner's sentence, rather than his probation, was terminated early.

In his federal habeas petition, Skinner again argued that the New Jersey order rendered his crimes against Green outside the ten-year window, and he added that a presentence investigation report that he had attached to his postconviction application in the state district court showed that his probation had been terminated early. The federal district court emphasized that the early termination of probation did not necessarily demonstrate early sentence termination, and the court concluded that it could not consider the New Jersey order because it was not part of the postconviction appeal record. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011) (stating that "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings" (quotation omitted)).

We conclude that a COA is not warranted on this issue. As explained by the district court, Skinner failed to include in the state postconviction record any document indicating that the execution of his sentence was terminated early.

Finally, Skinner maintains that appellate counsel failed to argue that William Hauck, who had testified against Skinner at trial, committed perjury. The OCCA did not specifically address this ground. The district court rejected it, however, stating

- 7 -

that (1) Skinner failed to specify the portions of Hauck's testimony that constituted perjury; and (2) Hauck's inconsistent statements to police were revealed on cross-examination and did not rise to the level of perjury. We agree with the district court's resolution of this issue.

## CONCLUSION

For substantially the same reasons given by the district court, we deny a COA and dismiss this appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge