**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAIME MANUEL PEÑA,

    Defendant-Appellant.

No. 13-8083
(D.C. Nos. 2:13-CV-00010-NDF and
2:06-CR-00157-CAB-1)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

Jaime Manuel Peña, proceeding pro se,[1] seeks a certificate of appealability
("COA") to contest the district court's denial of his motion to vacate, set aside, or
correct his sentence pursuant to 28 U.S.C. § 2255. Because reasonable jurists
could not debate the correctness of the district court's decision, we **deny** Mr.

---

[*]     This order is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1]     Because Mr. Peña appears pro se, we afford his filings a liberal
construction. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010); *Yang
v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Peña's application, **deny** *in forma pauperis* ("IFP") status, and **dismiss** this matter.

# I

In July 2006, a federal grand jury indicted Mr. Peña on one count of conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Mr. Peña proceeded to trial and was convicted. The district court sentenced him to serve 325 months' imprisonment followed by five years of supervised release. In doing so, the court applied a two-level enhancement under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), because of the presence of a firearm during the offense of conviction. A panel of this court affirmed Mr. Peña's conviction and sentence. *See United States v. Peña*, 279 F. App'x 702, 710 (10th Cir. 2008).

Mr. Peña subsequently[2] sought § 2255 relief in the District of Wyoming, alleging that: (1) 21 U.S.C. §§ 841(a) and (b) are unconstitutionally vague as applied to his case; (2) he received ineffective assistance of counsel; (3) his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment; and (4) three Supreme Court cases were potentially relevant to the

---

[2] Although Mr. Peña originally filed his § 2255 motion in 2009, the matter "was never formally opened by the district court." R. at 11 (Order, filed Jan. 24, 2013). Presumably, the error came to light when Mr. Peña sought this court's permission to file a second or successive § 2255 motion. The district court opened Mr. Peña's first § 2255 motion on January 14, 2013, and the Tenth Circuit Clerk issued an order dismissing his second-or-successive application on January 24, 2013.

determination of his case. Without holding an evidentiary hearing, the district court rejected all of his claims on the merits and did not issue a COA.

On January 9, 2014, Mr. Peña filed a combined opening brief and application for a COA in this court. He requested IFP status in a separate, contemporaneous filing.

## II

### A

A COA is a jurisdictional prerequisite to our review of the district court's denial of a § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). It will issue only if the applicant makes "a substantial showing of the denial of a constitutional right." *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir.) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted), *cert. denied*, --- U.S. ----, 133 S. Ct. 669 (2012). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

### B

Mr. Peña requests a COA in order to challenge the district court's determinations regarding: (1) his "as-applied" vagueness challenge to 21 U.S.C.

§§ 841(a) and (b); (2) his ineffective-assistance-of-counsel claim; (3) his Eighth Amendment claim; and (4) the relevance of three Supreme Court cases. We take up his arguments in turn and reject them.

**1**

All criminal statutes "must give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden." *United States v. Lovern*, 590 F.3d 1095, 1103 (10th Cir. 2009) (internal quotation marks omitted). "[T]hose that fail this test are treated as no laws at all: they are 'void for vagueness.'" *Id.* (quoting *Colautti v. Franklin*, 439 U.S. 379, 390 (1979)). Void-for-vagueness objections "rest on [a] lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk." *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988).

As is relevant here, Mr. Peña disputes the constitutionality of 21 U.S.C. § 841(a)(1), which states, in relevant part, that "it shall be unlawful for any person knowingly or intentionally . . . [to] distribute, or . . . possess with intent to . . . distribute . . . a controlled substance." He also challenges 21 U.S.C. § 841(b), which provides that "any person who violates subsection (a) . . . shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." However, the crux of his argument is a disagreement with the sentencing court's consideration of his possession of a firearm and other "relevant

4

conduct" contemplated by the Guidelines.[3]  More specifically, Mr. Peña contends that the applicable statutory provisions nowhere mention a firearm or "relevant conduct" and, therefore, could not have provided notice that *his* actions would be unlawful.  We disagree.

"[T]he authority of a judge to exercise broad discretion in imposing a sentence within a statutory range" cannot be gainsaid.  *United States v. Booker*, 543 U.S. 220, 233 (2005).  Guided by that principle, in *United States v. Ramirez* we rejected a vagueness challenge to 21 U.S.C. §§ 841 and 846 wherein the defendant (who also was assessed a sentencing enhancement) insisted he "could not have known that he would be subject to criminal liability for . . . conduct recognized by sentencing enhancements."  479 F.3d 1229, 1256 (10th Cir. 2007) (internal quotation marks omitted), *abrogated on other grounds as recognized in United States v. Bagby*, 696 F.3d 1074, 1081 (10th Cir. 2012).  We observed in so doing that "sentencing courts may exercise[ ] discretion . . . in imposing sentence *within statutory limits* in the individual case.  Where the guidelines are merely advisory, as they were at the time of [the defendant's] sentencing, the maximum sentence is the statutory limit, not the upper bound of the calculated guidelines range."  *Id.* at 1257 (first alteration and omission in original) (citations omitted) (internal quotation marks omitted).  Importantly, we concluded that the statutory

---

[3]    Mr. Peña does not dispute the district court's finding that his 325-month sentence does not exceed statutory limits or the advisory range indicated by the Guidelines.

provisions were *not* unconstitutionally vague, because "[t]he sentencing enhancements *were not required to be included in the statute* as elements of the crime." *Id.* (emphasis added). *Ramirez* remains controlling precedent on this issue and makes clear that Mr. Peña's as-applied vagueness challenge has no heft.

Our pre- and post-*Booker* case law bolsters this conclusion. Notably, in *United States v. Magallanez*, we stated that "[e]ven prior to the Sentencing Reform Act, . . . a sentencing court had broad discretion to consider information concerning the defendant's life and characteristics, including conduct on which he had not been convicted." 408 F.3d 672, 684 (10th Cir. 2005). And, in *United States v. Crockett*, we noted that "[u]nder an advisory Guidelines regime, a conviction, by itself, authorizes a sentence up to the statutory maximum." 435 F.3d 1305, 1319 (10th Cir. 2006).

Thus, as we concluded in *Crockett*, "the facts guiding the district court's exercise of discretion need not be found beyond a reasonable doubt." *Id.*; *see also United States v. Eagan*, 965 F.2d 887, 892 (10th Cir. 1992) (affirming firearm-possession enhancement even where the jury had acquitted on "using-and-carrying" charge); *United States v. Coleman*, 947 F.2d 1424, 1429 (10th Cir. 1991) (same). These cases, along with Guidelines commentary—i.e., that "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range," U.S.S.G. § 1B1.3, cmt. background (2006)—lead ineluctably to the

6

conclusion that the district court was correct to reject Mr. Peña's vagueness challenge. Accordingly, we affirm the district court's denial of his § 2255 motion on this basis.

**2**

Turning next to Mr. Peña's ineffective-assistance-of-counsel claim, we note that he "must show both that his counsel's performance 'fell below an objective standard of reasonableness' *and* that 'the deficient performance prejudiced the defense.'" *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). "These two prongs may be addressed in any order, and failure to satisfy either is dispositive." *Littlejohn v. Trammell*, 704 F.3d 817, 859 (10th Cir. 2013) (internal quotation marks omitted). In assessing the challenged conduct, we consider "counsel's perspective at the time" and "strongly" presume counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009) (internal quotation marks omitted).

Mr. Peña contends that he was the victim of ineffective assistance of counsel in several respects. With no supporting factual record, he asserts that his attorney: (1) failed to explain the federal trial process; (2) presumed he would plead guilty and thus inadequately prepared for trial; (3) did not "explore . . . his desire to accept responsibility," R. at 7 (Mot. to Vacate Sentence, filed Jan. 14,

7

2013); (4) disputed the appropriate quantum of necessary pretrial investigation; (5) "failed to explain that [he] was unable to proceed to trial on the disputed facts while conceding guilt on other facts," *id.* at 60 (Mem. in Support of Mot. to Vacate, filed June 27, 2013) (capitalization altered); (6) failed to explain the sentencing process; (7) "failed to press [his] age, upbringing, and personal surroundings" at sentencing, *id.* (capitalization altered); and (8) "failed to present the undisputable fact that the drug guidelines are based on congressional meddling," *id.* (capitalization altered). The district court found that all eight challenges failed under the *Strickland* rubric, and so do we.

As the *Strickland* Court explained, we need not address both aspects of an ineffective-assistance claim if the defendant's showing on one is insufficient. *See* 466 U.S. at 697; *accord McGee v. Higgins*, 568 F.3d 832, 839 (10th Cir. 2009). Mr. Peña's ineffective-assistance arguments plainly founder on *Strickland*'s prejudice prong for failure to demonstrate a "reasonable probability"—or, indeed, *any* probability—"that, but for counsel's unprofessional error(s), the result of the proceeding . . . would have been different." *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *McGee*, 568 F.3d at 839 (quoting *Strickland*, 466 U.S. at 694) (internal quotation marks omitted).

For Mr. Peña, the "outcomes" in question are whether, but for counsel's performance, he would have (1) opted to plead guilty rather than go to trial; (2)

8

been acquitted rather than convicted; or (3) received a less onerous sentence. No favorable reading of his filings brings such an argument to light. In fact, our review of the record leaves us with no doubt that all of Mr. Peña's ineffective-assistance contentions are either impermissibly vague or patently wrong. Ultimately, it is beyond cavil that conclusory allegations such as those advanced by Mr. Peña do not satisfy *Strickland*'s prejudice inquiry. *See Cummings v. Sirmons*, 506 F.3d 1211, 1233–34 (10th Cir. 2007) (noting that "[w]ithout a more precise identification of what [deficiencies Defendant] is referring to," no prejudice can be found); *see also Hinton v. Alabama*, --- U.S. ----, 134 S. Ct. 1081, 1088 (2014) (noting that most choices of counsel are "virtually unchallengeable" under *Strickland* (internal quotation marks omitted)).

In sum, because Mr. Peña offers *only* vague and conclusory allegations and does *not* argue prejudice, his ineffective-assistance claim is thoroughly unpersuasive. The district court was consequently justified in rejecting this claim as grounds for habeas relief.

### 3

Next, Mr. Peña alleges that his sentence violates the Eighth Amendment's proscription of "inherently barbaric punishments under all circumstances and punishments that are disproportionate to the crime committed." *United States v. Orona*, 724 F.3d 1297, 1300 (10th Cir.) (internal quotation marks omitted), *cert. denied*, --- U.S. ----, 134 S. Ct. 662 (2013). The entirety of this claim is that his

sentence offends the Eighth Amendment because it was allegedly "imposed absent consideration of a maturing society." R. at 7. Setting aside the established principle that such a bare-bones allegation does not comprise a viable Eighth Amendment claim, *see Handy v. Price*, 996 F.2d 1064, 1068 (10th Cir. 1993), we find it pellucid that his sentence *is* proportionate. As discussed above, Mr. Peña's 325-month (or roughly twenty-seven-year) sentence falls squarely within the statutory range of ten years to life corresponding to his offense of conviction. *See* 21 U.S.C. § 841(b)(1)(A). Because "[g]enerally, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment," *United States v. Gillespie*, 452 F.3d 1183, 1190 (10th Cir. 2006), it is clear that no additional argument could revive Mr. Peña's challenge.

We have held this view for decades and, absent compelling legal argument to the contrary, do not stray from it here. *See United States v. Kuck*, 573 F.2d 25, 27–28 (10th Cir. 1978) ("Although the Eighth Amendment is a constitutional limitation on congressionally prescribed penalties, legislative provision for a penalty is some indication that it does not offend 'the evolving standards of decency that mark the progress of a maturing society.'" (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958))); *Andrus v. Turner*, 421 F.2d 290, 292 (10th Cir. 1970) ("[A] sentence will not be . . . considered as cruel and unusual punishment if it is within the statutory limits."); *see also United States v. Angelos*, 433 F.3d 738,

10

750 (10th Cir. 2006) (observing that the Supreme Court has only invalidated two sentences on Eighth Amendment grounds in the past century).

**4**

When Mr. Peña filed his § 2255 motion, he hoped that three cases before the Supreme Court—*Johnson v. United States*, 559 U.S. 133 (2010), *United States v. O'Brien*, 560 U.S. 218 (2010), and *Graham v. Florida*, 560 U.S. 48 (2010)—would beneficially impact his case. The district court noted that Mr. Peña had not "expound[ed] upon how he expected these cases to affect his case," R. at 118 (Dist. Ct. Order, filed Sept. 24, 2013), and ultimately ruled that "[n]one of these cases have any bearing on [Mr. Peña's] case whatsoever," *id.* at 119.

It is patent that reasonable jurists could not debate the correctness of the district court's determination on this point: *Johnson* held that a state battery conviction was not a "violent felony" under the Armed Career Criminal Act, *see* 559 U.S. at 141–42; *O'Brien* held that whether a firearm is a "machinegun" must be proved to the jury beyond a reasonable doubt, *see* 560 U.S. at 235; and *Graham* held that the Eighth Amendment "prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide," 560 U.S. at 82. These cases are at best tangentially relevant to Mr. Peña's case, in that they involve sentencing enhancements, firearms, and the Eighth Amendment, respectively. Moreover, Mr. Peña's failure to lodge any argument in

11

support of this claim renders it fatally infirm.  Accordingly, we reject his request for a COA on this issue.

## III

Mr. Peña also requests IFP status, an issue the district court did not consider in ruling on his § 2255 motion.  However, he has failed to demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)) (internal quotation marks omitted).  As a result, he is not entitled to proceed IFP.

## IV

For the foregoing reasons, we conclude that reasonable jurists could not debate the correctness of the district court's rulings.  Thus, we **DENY** Mr. Peña's request for a COA and **DENY** his motion for IFP status.  This matter is hereby **DISMISSED**.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

12