**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 5, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RYAN EDWARD OFFINEER,

Defendant - Appellant.

No. 23-7019
(D.C. Nos. 6:20-CV-00007-RAW &
6:18-CR-00050-RAW-1)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.
_____

Ryan Edward Offineer, appearing pro se, seeks a certificate of appealability

("COA") to challenge the district court's denial of his motion collaterally challenging his

sentence under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2253(c)(1)(B) (an appeal may not be

taken from a final order denying relief under § 2255 unless the movant obtains a COA).

Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss this matter.

**I.**

Offineer pleaded guilty to Possession of Certain Material Involving Sexual

Exploitation of Minors in violation of 18 U.S.C. § 2252(a)(4)(B).  In the plea agreement,

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Offineer admitted that, between June 2013 and March 7, 2018, he "purchased, downloaded[,] and possessed thousands of images and videos of minors engaging in sexually explicit conduct from a members-only internet website." R. Vol. III at 31 (sealed). He also agreed that his conduct satisfied the jurisdictional prerequisites for conviction. *Id.* (acts in E.D. Okla.; material had been transported in interstate commerce).

In his plea agreement, Offineer "waive[d] the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a)." R. Vol. III at 33 (sealed). Offineer also "waive[d] the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel." *Id.* (sealed).

The district court accepted Offineer's plea and sentenced him to 120 months of imprisonment followed by a 15-year term of supervised release. Offineer moved for relief from his sentence under 28 U.S.C. § 2255, requesting a revised sentence of 60 months of imprisonment followed by 20 years of supervised release. The district court declined Offineer's § 2255 motion and declined to issue a COA. Offineer filed a Notice of Appeal and now seeks a COA in this Court.

Offineer raises several issues in his brief. First, Offineer argues that the district court deprived him of his First Amendment right to "redress of grievances" by declining his § 2255 motion. Offineer also claims that he was denied his right of access to the courts because he did not have access to a law library during his time in the Muskogee County Jail. In addition, Offineer raises several arguments that we construe as ineffective

2

assistance of counsel claims, including: that his counsel was ineffective for relying on *Riley v. California*, 573 U.S. 373 (2014), during the suppression hearing; that his counsel was ineffective for failing to investigate claims made by a law enforcement officer in the officer's affidavit in support of the government's response to the motion to suppress; that his counsel was ineffective for generally not arguing well enough, according to Offineer; that his counsel was ineffective for not objecting to the magistrate's report and recommendation regarding the suppression motion and failing to inform Offineer about his right to object to it; that his counsel was ineffective for not arguing properly under 18 U.S.C. § 3553(a)(6) about other sentences people received for the same crime; and that his counsel was ineffective because he "coached" Offineer to recite certain statements at the Change of Plea Hearing and "threat[ened] . . . [him with] a longer sentence if he did not." Aplt. Br. at 18. Finally, Offineer contends that the district court made two errors related to his counsel's ineffectiveness. Offineer complains that the district court's order "lacks the fairness, reasonableness, and [] leniency that should be given to pro se litigants" by not taking seriously his § 2255 motion's complaints about the plea deal his counsel negotiated for him, *see id.* at 13; and that the district court incorrectly deemed Offineer's counsel's failure to object to the Presentence Investigation Report ("PSR") not to be ineffective assistance of counsel, which Offineer claims amounted to rubber-stamping.

We first address whether each issue may be raised in this case and then address those issues that may.

3

**II.**

**a.**

To obtain a COA, a criminal defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Whether to grant a COA is a "threshold question [that] should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 222, 336 (2003)). To meet this threshold, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (cleaned up). "In evaluating whether an applicant has satisfied this burden, we undertake a preliminary, though not definitive, consideration of the legal framework applicable to each of the claims." *United States v. Parker*, 720 F.3d 781, 785 (10th Cir. 2013) (cleaned up). Offineer is a pro se movant, so we construe his briefing liberally but do not act as his advocate. *See United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

**b.**

We must first determine whether Offineer waived his right to appeal the issues he asserts. To determine whether a criminal defendant has waived his post-conviction or appellate rights in an enforceable plea agreement, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant

4

knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). We review "plea agreements and appeal waivers in light of the defendant's reasonable understanding at the time of the guilty plea[] and strictly construe[] the scope of an appellate waiver in favor of the defendant." *United States v. Novosel*, 481 F.3d 1288, 1291 n.1 (10th Cir. 2007) (citations omitted).[1]

The substantive claims Offineer raised in his § 2255 motion fall within the scope of his waiver of post-conviction rights. In his plea agreement, Offineer agreed to "waive[] the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel." R. Vol. III at 33 (sealed). Therefore, those of Offineer's original § 2255 claims that can reasonably be construed as ineffective assistance of counsel claims are not subject to the post-conviction waiver. However, the other claims Offineer raised in his § 2255 motion are plainly substantive claims, not allegations of ineffective assistance of counsel, and therefore these other claims fall within the scope of Offineer's post-conviction waiver. Neither Offineer's First Amendment claim about "redress of grievances" nor his claim about his denial of access to a law library relate to ineffective assistance of counsel.

---

[1] While the *Hahn* factors speak in terms of a waiver of appellate rights, we likewise apply them to waivers of the right to collaterally attack a conviction and sentence pursuant to § 2255. *See Parker*, 720 F.3d at 787 ("Applying the *Hahn* factors, the district judge concluded Parker's collateral attack waiver is enforceable . . . . We see no reason to quarrel with the judge's detailed analysis of the issue and see no basis upon which to debate the propriety of his decision.").

Accordingly, they clearly fall within the scope of the post-conviction waiver in Offineer's plea agreement.

Offineer also knowingly and voluntarily waived his right to appeal these issues. "When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to two factors":  first, "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily"; and second, whether the district court administered "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325 (citations omitted).  Both factors indicate that Offineer's waiver was knowing and voluntary.  During Offineer's change-of-plea hearing, the government noted that the parties had agreed to the standard waiver of appellate and post-conviction rights; and Offineer affirmed that he understood the terms of the plea agreement.  The plea agreement does not use technical or complex language.  It was straightforward, and Offineer initialed every page—including the page with the post-conviction waiver's terms.  The district court also fulfilled its obligations under Rule 11.  Offineer's waiver was thus knowing and voluntary.

Nor would enforcing Offineer's waiver result in a miscarriage of justice. "[E]nforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of [] four situations":  (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (citations omitted).  Offineer agreed to a standard waiver of post-conviction

6

rights that is always used in the Eastern District of Oklahoma, and Offineer makes no argument that the negotiation of the waiver was itself a product of ineffective counsel. The post-conviction waiver was not based on any impermissible factor, the sentence was below the statutory maximum, and there is no indication of ineffective assistance of counsel in connection with the waiver itself. Moreover, the waiver is not "otherwise unlawful" under our precedent because Offineer identifies no error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Hahn*, 359 F.3d at 1327 (quoting *United States v. Olano*, 507 U.S. 725 (1993)). Thus, a miscarriage of justice will not result from the enforcement of Offineer's waiver. The district court correctly dismissed as waived Offineer's substantive claims challenging the alleged denial of his rights to "redress of grievances" and to access a law library.

**c.**

We construe several of Offineer's claims to be ineffective assistance of counsel claims, and therefore outside the scope of his waiver. Nevertheless, none of his claims warrants a COA because no reasonable jurist could debate whether Offineer's counsel met the minimum level of competence required by our precedents. "The two-prong test established in *Strickland v. Washington* . . . determines whether a defendant's counsel was ineffective. To prevail on an ineffectiveness claim, a defendant must show both that his counsel's performance was substandard and that he was prejudiced by that substandard performance." *Osborn v. Shillinger*, 997 F.2d 1324, 1328 (10th Cir. 1993) (citing, *inter alia*, *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). A criminal defendant can satisfy the test's first prong by showing that counsel performed below the

level expected from a reasonably competent attorney in criminal cases. *See Strickland*, 466 U.S. at 688–89. However, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. "[R]egardless of counsel['s] performance, failure to show prejudice defeats [an] ineffectiveness claim." *Osborn*, 997 F.2d at 1328 (citing *Strickland*, 466 U.S. at 697). To meet the test's second prong, Offineer "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### 1.

Offineer's claims about ineffective assistance related to the suppression hearing fail. Even though the court found *Riley* distinguishable, it was objectively reasonable for Offineer's counsel to rely upon a relatively recent Supreme Court case involving similar issues. Accordingly, Offineer cannot satisfy *Strickland* on that ground.

Nor can we fault Offineer's counsel's alleged failure to investigate claims made in a Special Agent's affidavit. "We assess a decision not to investigate for 'reasonableness' under the circumstances, 'applying a heavy measure of deference to counsel's judgments.'" *Newmiller v. Raemisch*, 877 F.3d 1178, 1198 (10th Cir. 2017) (quoting *Strickland*, 466 U.S. at 691). Ultimately, "'what investigation decisions are reasonable depends critically' on 'information supplied by the defendant.'" *Id.* (quoting *Strickland*, 466 U.S. at 691). Offineer identifies no information that he provided his counsel to prompt further investigation of the Special Agent's affidavit, so we therefore defer to

Offineer's counsel's judgment and conclude that counsel's decision regarding further investigation was reasonable.

Lastly, Offineer argues broadly against counsel's effectiveness at the suppression hearing. We do not credit ineffective-assistance claims that are "impermissibly vague," because, among other reasons, "conclusory allegations . . . do not satisfy *Strickland*'s prejudice inquiry." *United States v. Pena*, 566 F. App'x 645, 650 (10th Cir. 2014) (unpublished) (citing *Cummings v. Sirmons*, 506 F.3d 1211, 1234 (10th Cir. 2007)).

**2.**

Offineer next challenges as ineffective assistance his counsel's failure to object to the magistrate's report and recommendation on the suppression of evidence. Offineer's arguments fail under *Strickland* because his counsel's failure to object to the report and recommendation was objectively reasonable. The report and recommendation held that "[t]he warrant in this case authorized the search for and seizure of evidence capable of being stored on a laptop computer . . . so the executing officers needed no further authorization to search the Defendant's computer." R. Vol. I at 88. Counsel reasonably believed that any objection would have been futile under our current precedents. We agree that any objection on these facts would have been meritless. *See United States v. Burgess*, 576 F.3d 1078, 1092 (10th Cir. 2009). And as we have held in the past, "[r]easonable jurists could not debate" that "counsel was not ineffective for failing to make meritless objections." *Pacheco v. Habti*, 62 F.4th 1233, 1247 (10th Cir.), *cert. denied*, 143 S. Ct. 2672 (2023). Therefore, Offineer cannot demonstrate ineffective assistance of counsel on this issue.

**3.**

Offineer also makes three ineffective assistance claims related to his sentencing. First, he argues that his counsel was ineffective for not arguing properly under 18 U.S.C. § 3553(a)(6) that he should have received a lesser sentence because of other sentences people received for the same crime. Offineer also argues that his counsel was ineffective because he "coached" Offineer to recite certain statements at the Change of Plea Hearing and "threat[ened] . . . [him with] a longer sentence if he did not," *see* Aplt. Br. at 18. Finally, Offineer complains that his counsel failed to object to the PSR, and that the district court allegedly rubber-stamped that failure.

Offineer cannot satisfy either prong of *Strickland* for these claims. Because Offineer agreed to a certain sentence in his plea agreement, it was objectively reasonable for his counsel not to mount a collateral attack on the sentence during Offineer's change-of-plea hearing. It was objectively reasonable for Offineer's counsel to explain to him what was required at his hearing, and to explain the likely results if he did not comply. And it was objectively reasonable not to object to a PSR, when any objection would have been futile. Nor can Offineer show any prejudice: he bargained for a sentence; and he got what he bargained for. Accordingly, these ineffective assistance claims fail.

**4.**

Offineer also makes an ineffective assistance claim directed toward actions of the district court. In particular, he claims that the district court's order "lacks the fairness, reasonableness, and [] leniency that should be given to pro se litigants" by not taking seriously enough his § 2255 motion's complaints about the plea deal his counsel

negotiated for him instead of going to trial. *See* Aplt. Br. at 13. We liberally construe this as an ineffective assistance of counsel claim about the actual deal that Offineer's counsel negotiated for him. Offineer got half the maximum potential sentence for this crime and agreed to the deal in a signed writing. He was free to reject the plea deal. But he accepted it. Negotiating a plea deal for half the maximum sentence is well within objectively reasonable performance of counsel.

\* \* \*

Based on the claims that can reasonably be construed as ineffective assistance of counsel claims, Offineer has not shown that he had ineffective assistance of counsel.[2] Most choices by counsel are entitled to a "virtually unchallengeable presumption of reasonableness" under our precedents. *Newmiller*, 877 F.3d at 1197. Offineer's counsel's strategic choices are entitled to that presumption here; and in any event, Offineer cannot show prejudice. The issues presented by Offineer were not "adequate to deserve encouragement to proceed further," and reasonable jurists could not debate otherwise. *Slack*, 529 U.S. at 484. Therefore, like the district court, we deny a COA. *See id.*

---

[2] To the extent that Offineer has any remaining claims for ineffective assistance of counsel, they are subsumed within the broad claims discussed above and similarly fail. Offineer's defense counsel performed as a reasonable attorney would throughout this case. The evidence against Offineer and case law were clear, and he admitted to the relevant facts in accepting the plea agreement. The sentence he received was reasonable, and he agreed to it in writing. Offineer's ineffective assistance of counsel claims fail, and his other claims were waived by the plea agreement.

## III.

We DENY a COA and DISMISS this matter.

Entered for the Court

Allison H. Eid
Circuit Judge