**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

GENERO ZUNIGA,

      Petitioner - Appellant,

v.

JAMES FALK, Warden of Sterling
Correction Facility; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 15-1118
(D.C. No. 1:13-CV-02247-WJM)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HOLMES, MATHESON**, and **PHILLIPS**, Circuit Judges.

Petitioner Genero Zuniga, a Colorado state prisoner appearing pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his 28

U.S.C. § 2254 petition for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A)

---

     * This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Mr. Zuniga is proceeding pro se, we construe his filings liberally. *See*
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198,
1201 n.2 (10th Cir. 2010).

(requiring a COA to appeal denial of a § 2254 application). Mr. Zuniga also seeks leave to proceed *in forma pauperis* ("*ifp*"). Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I. BACKGROUND

Mr. Zuniga is serving a life sentence without the possibility of parole plus 128 years for the Colorado offenses of first-degree murder after deliberation, attempted first-degree murder after deliberation (three counts), conspiracy to commit first-degree murder after deliberation, and second-degree assault. The Colorado Court of Appeals ("CCA") affirmed his conviction and sentence on direct appeal. Mr. Zuniga applied for post-conviction relief. The trial court denied his application and the CCA affirmed. The Colorado Supreme Court denied certiorari review.

Mr. Zuniga filed a § 2254 petition in federal district court alleging five claims: (1) the trial court's failure to sever Mr. Zuniga's trial from his codefendant's violated his due process rights, (2) the trial court's complicity jury instruction relieved the prosecution of its burden of proof, (3) insufficiency of the evidence, (4) ineffective assistance of trial counsel, and (5) ineffective assistance of appellate counsel. The district court dismissed Mr. Zuniga's first claim as procedurally barred and rejected his remaining four claims on the merits. The court also denied Mr. Zuniga's request for a COA and to proceed *ifp* on appeal. Mr. Zuniga now seeks a COA on all five claims and to proceed *ifp*.

## II. DISCUSSION

### A. *Standard of Review and Legal Background*

Mr. Zuniga may not appeal the district court's denial of his § 2254 petition without a COA. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To obtain a COA, he must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). When the district court dismisses a petition on procedural grounds, the petitioner must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

When a state court has decided the petitioner's claims on the merits and we are considering whether to grant a COA, we "look to the District Court's application of [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Miller-El*, 537 U.S. at 336. Under AEDPA, a federal court cannot grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

## B. *Analysis*

### 1. **Severance Claim**

Mr. Zuniga argues the trial court violated his due process rights by denying his request to sever his trial from that of his codefendant. The district court denied relief, concluding this claim was procedurally barred. It explained Mr. Zuniga had sought severance in state court solely on state law grounds, and his unexhausted federal claim would now be procedurally barred in state court.

We generally may not review a claim for federal habeas relief unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "A claim has been exhausted when it has been 'fairly presented' to the state court." *Wilson v. Workman*, 577 F.3d 1284, 1294 (10th Cir. 2009) (en banc) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)), *abrogated on other grounds by Simpson v. State*, 230 P.3d 888 (Okla. Crim. App. 2010). "Fair presentation means that the substance of the claim must be raised in state court. The allegations and supporting evidence must offer the state courts a fair opportunity to apply controlling legal principles to the facts bearing upon [the] constitutional claim." *Id.* (quotations omitted).

When a federal court determines that a habeas petitioner has failed to exhaust claims in state court, it generally dismisses the unexhausted claims without prejudice to allow the petitioner to return to state court to exhaust the claims. *Bland v. Sirmons*, 459

F.3d 999, 1012 (10th Cir. 2006).  However, when a federal court determines that an

unexhausted claim is subject to an anticipatory procedural bar, it will be "considered

exhausted and procedurally defaulted for purposes of habeas relief."  *Cannon v. Gibson*,

259 F.3d 1253, 1265 (10th Cir. 2001).  Such an "[a]nticipatory procedural bar occurs

when the federal courts apply [a] procedural bar to . . . [a claim not fairly presented to the

state court] that would be procedurally barred under state law if the petitioner returned to

state court to exhaust it."  *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007)

(quotations omitted).

Like ordinary procedural default—which occurs when a state court expressly

rejects a claim based on an independent and adequate state procedural rule—procedural

default based on an anticipatory procedural bar can be overcome only by establishing

cause and prejudice or a fundamental miscarriage of justice.  *See Cummings v. Sirmons*,

506 F.3d 1211, 1223 (10th Cir. 2007).  The "fundamental miscarriage of justice"

exception "is a markedly narrow one, implicated only in extraordinary cases where a

constitutional violation has probably resulted in the conviction of one who is actually

innocent."  *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quotations and

alterations omitted).

Mr. Zuniga does not challenge the district court's finding that if he tried to bring

his unexhausted claim now in state court, it would be procedurally defaulted.  *See* Colo.

R. Crim. P. 35(c)(3)(VI)-(VII).  Nor does he attempt to show cause and prejudice or

actual innocence to overcome the procedural default.  Rather, he asserts that his claim

was fairly presented in state court and the district court's contrary conclusion is erroneous. We disagree.

Reasonable jurists could not debate the district court's conclusion that Mr. Zuniga's direct appeal brief presented his severance claim as a question of state law. Although the brief cited the Fifth, Sixth, and Fourteenth Amendments at the "tail end of his state law argument," ROA at 282, the district court properly rejected Mr. Zuniga's conclusory reference to a fair trial and the Constitution as insufficient to put the state court on notice that Mr. Zuniga was raising a federal constitutional claim. *See Thomas v. Gibson*, 218 F.3d 1213, 1221 n.6 (10th Cir. 2000).

Because reasonable jurists could not debate that Mr. Zuniga's claim is procedurally barred for purposes of habeas review, we deny a COA on this issue.

2. **Jury Instruction Claim**

Mr. Zuniga challenges the trial court's complicity instruction, which stated:

A person is guilty of an offense committed by another person if he is a complicitor. To be guilty as a complicitor, each of the following must be established beyond a reasonable doubt:

1. A crime must have been committed;

2. Another person must have committed the crime;

3. The defendant must have had knowledge that the other person intended to commit the crime;

4. The defendant must have had the intent to promote or facilitate the commission of the crime; and

5. The defendant must have aided, abetted, advised, or encouraged the other person in the commission or planning of the crime.

ROA at 415. Mr. Zuniga argues this instruction deprived him of due process because it relieved the prosecution of its burden of proof. He contends the instruction failed to set forth the dual state of mind required to find him guilty under a complicity theory because it did not inform the jury that it needed to find Mr. Zuniga shared the principal's culpable state of mind.

The CCA rejected this claim on direct review, concluding that the jury instruction properly instructed the jurors of the dual state of mind requirement and therefore did not violate Mr. Zuniga's due process rights. It explained, "[T]he defendant could not have intended his participation to further the [principal's] crime unless he also intended the crime to occur. For him to intend that the crime occur, he would necessarily share the principal's mental state." ROA at 184 (quotations and emphasis omitted).

The district court concluded the CCA's determination was not contrary to or an unreasonable application of clearly established federal law because "the jury instructions, as a whole, . . . require[d] the prosecution to prove all of the elements of complicity beyond a reasonable doubt." ROA at 364.

The Due Process Clause requires the prosecution to prove every element of a charged offense beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 364 (1970). We must therefore consider "whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet

-7-

the *Winship* standard." *Victor v. Nebraska*, 511 U.S. 1, 6 (1994). In making this determination, we must view the instruction "in the context of the instructions as a whole and the trial record." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

We agree with the district court's and CCA's analyses concluding that the jury instructions properly instructed the jury on the prosecution's burden of proof for all elements of complicity. Reasonable jurists could not debate the district court's resolution of this issue. We deny a COA.

3. **Sufficiency of the Evidence Claim**

Mr. Zuniga argues the evidence presented at trial was insufficient to support his convictions for first degree murder after deliberation, attempted first-degree murder after deliberation, and conspiracy to commit first degree murder after deliberation because the evidence did not show he acted "after deliberation." In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court held that evidence is sufficient to support a conviction as a matter of due process if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319.

The CCA rejected Mr. Zuniga's claim on direct appeal as follows:

The evidence in the record before us, when viewed in the light most favorable to the prosecution, establishes that after flashing rival gang signs back and forth with a group of high school age boys, Zuniga and [his codefendant] followed their vehicle down a residential street, pulled up alongside, fired six to eight shots at the driver and passengers, and killed the driver. The jury could have reasonably inferred that this series of actions was the result of a series of deliberative choices, satisfying the

-8-

requirements of first degree murder after deliberation. The verdict was therefore supported by sufficient evidence.

ROA at 187-88.

The district court concluded the CCA's resolution of Mr. Zuniga's sufficiency of the evidence claim was consistent with *Jackson* and that the evidence was sufficient for a jury to find Mr. Zuniga guilty.

For substantially the same reasons as the district court, we agree. Mr. Zuniga attempts to challenge the CCA's determination merely by stating there is conflicting evidence in the record. Even if that were true, the district court properly rejected this argument because, on habeas review, we do not weigh evidence. *See Turrentine v. Mullin*, 390 F.3d 1181, 1197 (10th Cir. 2004). No reasonable jurist could debate whether the district court correctly resolved this issue. We deny a COA.

4. **Ineffective Assistance of Trial Counsel Claim**

Mr. Zuniga argues his trial counsel rendered ineffective assistance by failing to exercise a peremptory challenge after an alternate juror replaced an excused juror mid-trial. Colorado law provides each side with an additional peremptory challenge when an alternate juror is impaneled. *See* Colo. Rev. Stat. § 16-10-105.

To be entitled to relief for ineffective assistance of counsel, Mr. Zuniga must show (1) counsel's performance was deficient, and (2) he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984). The CCA and district court both resolved Mr. Zuniga's claim on the second element, which requires showing "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.*, and "[t]he likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

On post-conviction review, the CCA rejected this claim, explaining that even assuming trial counsel's omission amounted to deficient performance, Mr. Zuniga failed to allege "any facts which would suggest that, but for counsel's deficient performance, the outcome of the trial would have been different." ROA at 238. It explained that Mr. Zuniga did not allege "that the replacement juror was biased or unable to render an impartial verdict." *Id.* It rejected Mr. Zuniga's argument that he would have preferred a different alternate juror as insufficient to demonstrate prejudice under *Strickland*. The district court concluded the CCA reasonably applied *Strickland* to Mr. Zuniga's claim.

Mr. Zuniga argues he was prejudiced merely by his counsel's failure to exercise his statutory right to an extra peremptory challenge and that the CCA and district court erred in requiring him to show that the alternate juror was biased or unable to render an impartial verdict. But without such a showing, Mr. Zuniga fails to demonstrate the result of the trial would likely have been different had the peremptory challenge been exercised. *See Hooks v. Workman*, 689 F.3d 1148, 1176 (10th Cir. 2012) (rejecting a petitioner's habeas challenge to the removal of a potential juror because the petitioner did not contest that the impaneled jury was fair and impartial and therefore his claim did not implicate

his constitutional right to a fair trial). He has not otherwise identified any reason why the failure to use the peremptory challenge would have changed the result of trial. Accordingly, reasonable jurists could not debate the district court's decision to reject this claim based on lack of prejudice. We deny COA on this issue.

5. **Ineffective Assistance of Appellate Counsel Claim**

Mr. Zuniga argues his appellate counsel rendered ineffective assistance by failing to raise five issues on direct appeal: (a) an equal protection violation under *Batson v. Kentucky*, 476 U.S. 79 (1986); (b) prosecutorial misconduct during closing arguments; (c) the trial court's failure to give a unanimity instruction; (d) the unconstitutional use of a sentencing enhancement; and (e) violation of Mr. Zuniga's Fourth Amendment rights under *Georgia v. Randolph*, 547 U.S. 103 (2006), which was announced while Mr. Zuniga's direct appeal was pending.

To establish ineffective assistance of appellate counsel, Mr. Zuniga "must show both (1) constitutionally deficient performance, by demonstrating that his appellate counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional error(s), the result of the proceeding would have been different." *McGee v. Higgins*, 568 F.3d 832, 838 (10th Cir. 2009) (quotations and alteration omitted). We first "look to the merits of the omitted issue." *Hammon v. Ward*, 466 F.3d 919, 927 (10th Cir. 2006) (quotations omitted). "If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may

-11-

directly establish deficient performance." *Malicoat v. Mullin*, 426 F.3d 1241, 1249 (10th Cir. 2005). "On the other hand, if the omitted issue has merit but is not so compelling, we must examine the issue in relation to the rest of the appeal." *Id.* "[O]f course, if the issue is meritless, its omission will not constitute deficient performance." *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003). "Habeas relief is warranted only if the petitioner establishes a reasonable probability of a favorable result had his appellate counsel raised the omitted issue." *Malicoat*, 426 F.3d at 1249.

We conclude no reasonable jurist could debate the district court's determination that the CCA reasonably applied clearly established federal law in concluding appellate counsel's alleged omissions lacked merit. We reject Mr. Zuniga's request for a COA on all five issues.

a. Batson *claim*

Mr. Zuniga argues his appellate counsel was ineffective for failing to raise a *Batson* claim regarding the prosecution's use of a peremptory challenge to remove a black prospective juror. He argues the prosecution's challenge was based on race and the proffered reason for excusing the juror—that she "identif[ied] with" Mr. Zuniga because she had a son who was approximately the same age—was pretextual.

In *Batson*, the Supreme Court held that the Fourteenth Amendment's Equal Protection Clause prohibits the prosecution from using peremptory challenges to exclude potential jurors on the basis of race. *Batson*, 476 U.S. at 86. The Court provided a three-

-12-

step analysis for determining whether the prosecution impermissibly used its peremptory challenges:

> First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race. Second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question. Third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination.

*Miller-El*, 537 U.S. at 328-29 (citing *Batson*, 476 U.S. at 96-98). "[I]f, at step three, the court finds the proffered ground to be pretextual, it may determine that the strike was purposeful discrimination." *Black v. Workman*, 682 F.3d 880, 894 (10th Cir. 2012). "The disposition of a *Batson* claim is a question of fact . . . ." *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004). Thus, so long as the state court applied *Batson*, Mr. Zuniga is entitled to relief only if the state court's rejection of his claim "was 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Black*, 682 F.3d at 896 (quoting 28 U.S.C. § 2254(d)(2)).

On post-conviction review, the CCA rejected Mr. Zuniga's ineffective assistance of appellate counsel claim because the omitted *Batson* claim lacked merit. Applying the *Batson* standard, it "agree[d] with the trial court's assessment that the challenge was not made with discriminatory intent. The prosecutor's explanation was race-neutral, and the record reflects that the jury ultimately included four people of color." ROA at 243.

The district court concluded the CCA applied the proper *Batson* standard and that its rejection of Mr. Zuniga's claim was reasonable. It also explained that having four

-13-

people of color on the jury "weighs strongly against a finding of pretext." ROA at 371. Accordingly, it further concluded the CCA's rejection of Mr. Zuniga's ineffective assistance of appellate counsel claim was reasonable under AEDPA because there was "no reasonabl[e] probability of a favorable result had [Mr. Zuniga's] appellate counsel raised the omitted issue." *Id.* (quoting *Malicoat*, 426 F.3d at 1249).

Mr. Zuniga now argues the CCA's determination that his *Batson* claim lacked merit was unreasonable because other jurors who were not black and who also had children around Mr. Zuniga's age were not excused. Mr. Zuniga, however, fails to point to any evidence in the state court record to support this contention. He has therefore failed to show that the CCA's application of *Batson* was unreasonable.

No reasonable jurist could debate the district court's resolution of this issue under AEDPA. We deny a COA.

### b. *Prosecutorial misconduct*

Mr. Zuniga argues appellate counsel was ineffective for failing to raise the issue of prosecutorial misconduct on appeal. Specifically, he argues appellate counsel should have challenged the prosecutor's remark that Mr. Zuniga would perhaps get more tattoos after being convicted, showing that this crime was a badge of honor.

"[N]ot every improper or unfair remark made by a prosecutor will amount to a federal constitutional deprivation." *Tillman v. Cook*, 215 F.3d 1116, 1129 (10th Cir. 2000). "Unless prosecutorial misconduct implicates a specific constitutional right, a prosecutor's improper remarks require reversal of a state conviction only if the remarks

-14-

so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Wilson v. Sirmons*, 536 F.3d 1064, 1117 (10th Cir. 2008) (quotations omitted). "[I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quotations omitted). "The ultimate question is whether the jury was able to fairly judge the evidence in light of the prosecutors' conduct." *Wilson*, 536 F.3d at 1117 (quoting *Bland*, 459 F.3d at 1024).

In this case, during rebuttal closing argument, over defense counsel's objection, the prosecutor concluded by stating: "Perhaps at the conclusion of this case, Mr. Zuniga can add a line to his tattoo. Where it says, 'Hated by many, loved by few, respected by all,' perhaps he can add the line 'convicted by twelve.'" ROA at 243-44.

The CCA concluded that appellate counsel was not ineffective for failing to raise this claim because it lacked merit. It explained that the prosecutor had used Mr. Zuniga's tattoos throughout trial as "evidence of his gang affiliation for proof of his intent," and that "the prosecutor's reference to the tattoo was a proper oratorical embellishment regarding a central issue in the case." ROA at 244.

The district court concluded the CCA's resolution of Mr. Zuniga's prosecutorial misconduct claim was based on a reasonable determination of the facts and that Mr. Zuniga failed to demonstrate that the prosecutor's "isolated remark" during closing argument "affected the jury's ability to judge the evidence fairly." ROA at 372-73. The district court concluded that, because Mr. Zuniga failed to demonstrate a reasonable probability of success on his prosecutorial misconduct claim, the CCA's determination

that appellate counsel was not constitutionally ineffective for failing to raise the issue on appeal was reasonable.

In his brief, Mr. Zuniga argues the CCA's determination that the prosecutor's remarks were "oratorical embellishment" was an unreasonable determination of the facts. Mr. Zuniga, however, has not shown how these remarks "so infected the trial with unfairness" as to result in a violation of due process. *See Wilson*, 536 F.3d at 1117. Accordingly, no reasonable jurist could debate whether the district court properly denied Mr. Zuniga's ineffective appellate counsel claim regarding prosecutorial misconduct. We deny COA.

*c. Unanimity instruction*

Mr. Zuniga argues appellate counsel was ineffective for failing to challenge the trial court's refusal to give an instruction that would have required the jury to unanimously agree on the acts attributed to each defendant. The trial court concluded the instruction was unnecessary. Mr. Zuniga contends a unanimity instruction was required because there were multiple theories on which the jury could have found him guilty.

The CCA rejected this claim, explaining that "[a] jury is only required to reach a unanimous verdict on the charge, not the alternative theories offered in support of the charge." ROA at 244. It further stated that "the court was not required to provide a jury instruction requiring the jury to unanimously conclude that Zuniga acted as either a principal or complicitor" because "whether Zuniga acted as a principal or complicitor

raised alternative legal theories describing two means of committing the charged crimes."
ROA at 245.

The district court concluded the CCA's determination that a unanimity instruction was not required under Colorado law is binding, and Mr. Zuniga "was not entitled to a unanimity instruction as a matter of federal due process." ROA at 375. It therefore concluded appellate counsel's failure to raise the issue on appeal did not amount to deficient performance or prejudice Mr. Zuniga.

Due process does not require unanimity from a state court jury on the various means or theories of committing a single offense charged. *Schad v. Arizona*, 501 U.S. 624, 631 (1991).[2] The trial court's failure to instruct the jury that it had to determine unanimously whether Mr. Zuniga had committed the crime as a principal or complicitor did not violate due process. Because Mr. Zuniga's alleged omitted appellate claim lacked merit, we conclude reasonable jurists could not debate that the district court properly denied Mr. Zuniga's ineffective assistance of appellate counsel claim regarding failure to raise this issue. We deny a COA.

*d. Sentencing enhancement*

Mr. Zuniga argues appellate counsel was ineffective for failing to challenge the trial court's enhancement of his sentence as a "crime of violence" under Colo. Rev. Stat.

---

[2] Mr. Zuniga's reliance on *Richardson v. United States*, 526 U.S. 813 (1999), is misplaced because *Richardson* discusses the requirement of a unanimous verdict in federal criminal trials. It does not discuss whether a unanimous verdict is required in state criminal trials.

§ 18-1.3-406(1)(a).  Specifically, he contends that the evidence at trial failed to establish that he "[u]sed" or "threatened the use of[] a deadly weapon" as required under the statute.  Colo. Rev. Stat. § 18-1.3-406(1)(a), (2)(a)(I).

The CCA rejected Mr. Zuniga's ineffective assistance claim on this ground because Mr. Zuniga's sentence enhancement was lawful.  It determined that Mr. Zuniga was convicted of multiple crimes of violence, the jury made the required deadly weapon findings for the conspiracy and attempt charges, and therefore application of § 18-1.3-406 was mandatory.

The district court concluded appellate counsel's failure to appeal the district court's use of the sentencing enhancement did not amount to ineffective assistance because the crime-of-violence statute was properly applied to Mr. Zuniga.

For substantially the same reasons as stated by the district court, we conclude the state court did not erroneously apply the crime-of-violence sentencing enhancement.  We therefore conclude no reasonable jurist could debate that the district court properly denied Mr. Zuniga's ineffective assistance of appellate counsel claim regarding failure to raise this issue.  We deny a COA.

*e. Fourth Amendment*

Mr. Zuniga finally argues appellate counsel was ineffective for failing to amend his appeal to challenge the search of his residence under *Randolph*, which was decided while his direct appeal was pending.  He contends police should not have searched his

-18-

residence based on his common-law wife's assent because they did not have a warrant and he had refused permission.

In *Randolph*, the Supreme Court held that "a warrantless search of a shared dwelling for evidence over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident." 547 U.S. at 120. The CCA rejected Mr. Zuniga's claim, concluding that *Randolph* was inapposite to Mr. Zuniga's case because the police actually had a search warrant.

The district court concluded Mr. Zuniga's counsel was not ineffective for failing to amend his appeal to assert a claim under *Randolph* because such a claim lacked merit. It determined that Mr. Zuniga's "unsupported assertion . . . that the police did not have a warrant to search the residence, falls short of the clear and convincing evidence needed to rebut a state court's factual finding under 28 U.S.C. § 2254(e)(1)." ROA at 377 (quotations, citation, and alteration omitted). Indeed, it explained Mr. Zuniga's assertion that the search was warrantless was belied by the state court record, which contained (1) an affidavit from an officer of the Aurora Police Department that it executed the search pursuant to a warrant and (2) a motion to suppress filed by Mr. Zuniga, in which he argued "there was no probable cause to justify issuance of the search warrant." ROA at 377-78.

Based on the record, this allegedly omitted issue is meritless and no reasonable jurist could debate that the district court properly denied Mr. Zuniga's ineffective

assistance of appellate counsel claim regarding failure to raise this issue. We deny a COA.

\*   \*   \*   \*

Because Mr. Zuniga has not "made a substantial showing of the denial of a constitutional right" on any his alleged grounds for ineffective assistance of appellate counsel, 28 U.S.C. § 2253(c)(2), we deny a COA on all his ineffective assistance of appellate counsel issues.

### III. **CONCLUSION**

Based on the foregoing, we deny Mr. Zuniga a COA and dismiss this matter. We also deny Mr. Zuniga's motion to proceed *ifp*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge