**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM DAVENPORT,

          Petitioner - Appellant,

v.

JOHN CHAPDELAINE; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

          Respondents - Appellees.

No. 17-1316
(D.C. No. 1:16-CV-01270-PAB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

     Petitioner William Davenport seeks a certificate of appealability to appeal

the district court's dismissal of his § 2254 habeas corpus petition.

     Petitioner was charged with one count of first-degree murder and five

counts of attempted first-degree murder. His first trial ended in a hung jury, but

he was convicted of all charges in his second trial, at which the prosecution

presented additional corroborating evidence that had not been introduced in his

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

first trial. His direct appeal and state post-conviction challenges were unsuccessful.

In this federal habeas petition, Petitioner raised five claims for relief, relating to (1) the admission of DNA evidence from a glove found at the scene of the crime; (2) the admission of a bartender's testimony that two African-American males agreed that they were "going to do this" as they left his bar at about 2 a.m., shortly before the crime occurred at a different bar located less than a block away[1] (State Tr. CD at 3282); (3) the trial court's refusal to give two requested jury instructions; (4) the allegedly suggestive identification of Petitioner by a prosecution witness for the first time at trial; and (5) alleged ineffective assistance of counsel based on defense counsel's failure to call an expert witness to undermine the reliability of eyewitness identification at the second trial.

The district court held that Petitioner's challenges to the DNA evidence and the bartender's testimony were procedurally defaulted because his state-court arguments on these issues had been based entirely on state law, not federal law,

---

[1] Although the bartender did not testify that he recognized Petitioner from the bar, a detective testified that he had identified Petitioner and his brother on the bar's surveillance video from that night. The jury also viewed this surveillance video, which is part of the record on appeal. The video shows that one of the African-American men was wearing gloves inside the bar, consistent with the bartender's testimony that one of the men—the one who asked if they were "going to do this"—was wearing gloves.

and his brief citation to the Fifth and Fourteenth Amendments at the conclusion of his state-law arguments was insufficient to put the state court on notice that he was raising a federal constitutional claim. *See, e.g.*, *Zuniga v. Falk*, 618 F. App'x 407, 411 (10th Cir. 2015). As for Petitioner's other claims, the district court considered each of them in detail and ultimately concluded that Petitioner was not entitled to relief under § 2254. *See Frost v. Pryor*, 749 F.3d 1212, 1223 (10th Cir. 2014) ("We may issue the writ only when the petitioner shows there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents. . . . If this standard is difficult to meet—and it is—that is because it was meant to be." (internal quotation marks and brackets omitted)).

After thoroughly reviewing Petitioner's brief and the record on appeal, including Petitioner's state-court filings and the transcripts of both jury trials, we are persuaded that reasonable jurists would not debate the correctness of the district court's rulings. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For substantially the same reasons given by the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. Petitioner's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-